*350 Tlie opinion of the Court was delivered by
Todd, J.
Tlie defendant, Jake Scliellang, was convicted of manslaughter and sentenced to five years’ imprisonment at hard labor in tlie penitentiary and a fine of one dollar, and lias appealed.
His counsel relies for the reversal of the sentence on tlie following motion made in' arrest of this judgment, which was overruled by the Judge a quo, to-wit:
“ That this Honorable Court, Section ‘ B,’ is divested of jurisdiction in this matter; that the apportionment by lot is the only proceeding that gives jurisdiction to each of the Sections of this Honorable Court, as provided for by Act 98 of the General Assembly of the State of Louisiana of 1880. * * *
“ That from the record it appears that the above entitled and numbered cause has never been apportioned by lot between the Judges of said Court as the law directs, and he hence denies tlie right of the Court, Section B, to pronounce judgment therein, and prays that the said verdict be set aside.”
We find the following entry on the minutes of the court in the record:
“ The grand jury having found a true bill upon the indictment herein preferred, and the same, together with the finding, having been regularly returned into open court, recorded and filed ; and the same having been allotted to Section JB of this Gourt, Thomas Griffin and Jake Scliellang were brought to the bar of tlie Court, * * * to be arraigned, etc.”
Article 130 of the Constitution of 1879, among other provisions contains this: “ The Criminal District Court (Parish of Orleans) shall have, criminal jurisdiction only. All prosecutions instituted in said Court shall be equally apportioned between said Judges by lot.”
The entry above quoted shows that this requirement of the Constitution was complied with; that this prosecution was allotted to flection B of the Court; and there is nothing in the entire record that impairs the force or legal effect of this entry, or weakens the presumption that the allotment was rightly made.
It is not necessary that tlie record should show the manner or process by which the allotment was made. It is sufficient that it shows it was done, and the legal presumption follows that it was rightly done.
It is true that we find copied into the counsel’s brief, certain orders of court, by which it is claimed that the prosecutions in the two Sections of the Court, including the instant one, were not apportioned between said Judges by lot; but those orders are not to be found in this record, and we have no power to go outside of the record for evidence to aid *351 us in the determination of the case, nor have we the right to consider such alleged orders.
Tlie case of the State vs. Addotto, recently decided by this Court and not yet reported, does not, as contended, control the determination of this case, nor is it applicable to this case as the record presents it. In that case there was a motion for a new trial made after the conviction of the accused, and upon the trial of the motion, evidence was offered of the orders referred to, the effect of which was to induce the conclusion in that ease that no allotment of that prosecution, as contemplated by the Constitution, had been made. That evidence is not before the Court in this case. Here there was no motion for a new trial, but the question, substantially the same as the one presented in the Addotto case, was raised by a motion in arrest of judgment, a motion which •must be decided and which was decided upon the face of the record as it existed, and was made up from the proceedings had in the Court of the first instance.
This record, as before stated, so far from establishing that there was no allotment of the case, or that the allotment was in any manner or degree irregular, on the contrary, shows that this legal requirement was observed, and that the proceedings in every other respect were entirely regular and legal.
Whatever the real facts may be, we must decide this case upon its own record and upon the pleadings and issues that are therein presented; and a scrutiny of this record satisfies us that there is nothing therein to be found that affords the defendant any ground of relief.
The judgment and sentence are, therefore, affirmed, with costs.